**UNITED DIESEL, INC.**

v.

**Herbert A. RODRIGUE.**

Civ. A. No. 89–145.

United States District Court,
E.D. Louisiana.

March 27, 1989.

David L. Neeb, Leman, O'Hara & Miles, New Orleans, La., for Herbert A. Rodrigue.

Sidney L. Patin, Henderson, Hanemann & Morris, Houma, La., for United Diesel, Inc.

## ORDER AND REASONS

FELDMAN, District Judge.

This bankruptcy appeal arises out of the personal Chapter 11 proceeding of Herbert A. Rodrigue. In that proceeding, appellant, United Diesel, Inc., objected to the dischargeability of a debt owed to it arising out of dealings with Mr. Rodrigue's company, Rodrigue Insurance Services, Inc., which was also in bankruptcy. Mr. Rodrigue responded that United Diesel, Inc. had no right of action against him, individually, because the debt contracted by United Diesel, Inc. was a corporate debt owed by Rodrigue Insurance Services, Inc. and not by Rodrigue individually.

On December 13, 1988 the bankruptcy court dismissed the complaint of United Diesel, Inc. United Diesel now appeals to this Court to reverse the ruling of that court.

## I. *The Ruling of the Bankruptcy Court*

United Diesel argued that it had standing to object to the dischargeability of a debt owed by Rodrigue's corporation, Rodrigue Insurance Services, Inc., (RISI) because Rodrigue, as sole shareholder of the corporation, took funds placed by United Diesel with RISI for the purchase of insurance and misappropriated those funds to satisfy the general operating expenses of his corporation. Thus, said United Diesel, Rodrigue and RISI had committed a defalcation or embezzlement while acting in a fiduciary capacity. 11 U.S.C. § 523(a)(4). United Diesel also took the position that Mr. Rodrigue's failure to preserve records from which his financial condition or business transactions could be ascertained was sufficient to deny a discharge in bankruptcy. 11 U.S.C. § 727(a)(3).

Judge Brahney rejected United Diesel's arguments, holding instead that the debt to which United Diesel claimed entitlement was owed by the corporation, RISI, not by Rodrigue personally. Hence, United Diesel had no standing as a creditor in Rodrigue's individual bankruptcy proceedings. Moreover, Judge Brahney concluded that because United Diesel had no standing to object to Mr. Rodrigue's discharge, any failure to produce business records would be of no consequence in his personal bankruptcy proceedings.

## II. *Standard of Review*

■ Appellant urges this Court to use a *de novo* standard of review. Appellant contends that since the trial was based on a stipulated fact record, this Court need not defer to the findings of the lower court. That argument is without merit.

Bankrutpcy Rule 8013 clearly states that findings of fact shall not be set aside unless clearly erroneous, and the Advisory Committee Note to that Rule indicates that the findings of a bankruptcy judge are to be accorded the same weight as the findings of a district judge under Fed.R.Civ. Pro. 52.

The Fifth Circuit, in *John v. State of Louisiana*, 757 F.2d 698, 703 (5th Cir.1985), held that where a district court proceeding involved a trial on a stipulated record,

> the existence of fact questions will not undermine the result. Moreover, we will resolve all inferences from the record in favor of the district court's decision and will affirm unless the district court resolved fact questions in a clearly erroneous manner or misconstrued the law.

Thus, a district court should affirm the bankruptcy judge's decision unless that decision was clearly erroneous.

## III. A Distinction Between Mr. Rodrigue and The Company

Appellant contends that it was the creditor of a nondischargeable personal debt because: 1) Mr. Rodrigue breached his fiduciary duty to United Diesel, within the meaning of Section 523(a)(4) of the Bankruptcy Act; 2) Mr. Rodrigue committed embezzlement within the meaning of Section 523(a)(6) of the Act; and 3) Mr. Rodrigue failed to produce business records as required by Section 727(a)(3). Judge Brahney rejected each of these arguments, holding that United Diesel was not a creditor of Rodrigue personally. This Court finds that Judge Brahney's dismissal of United Diesel's Complaint Objecting to the Discharge in Bankruptcy in Herbert Rodrigue's personal Chapter 11 proceeding was not clearly erroneous, and must be AFFIRMED.

### A. Breach of Fiduciary Duty

■ United Diesel bases its objection to discharge on the alleged misappropriation by Rodrigue Insurance Service, Inc. of funds placed by United Diesel with RISI for the purchase of insurance. Simply put, United Diesel says that it paid money to Mr. Rodrigue, as an officer of RISI, to purchase insurance that was never bought, and that Mr. Rodrigue's application of United Diesel funds to the general expenses of RISI constituted a personal breach of fiduciary duty.

Judge Brahney concluded that the totality of circumstances indicated that United Diesel contracted with RISI, and not Rodrigue personally; thus, if any breach of fiduciary duty occurred, it was by the corporation and not Rodrigue. This conclusion was not clearly erroneous.

Invoking *Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 215 (5th Cir.1986), the bankruptcy court underscored that the Louisiana Civil Code "makes it clear that a corporation is a separate, distinct entity and the creditors of the corporation cannot demand payment of corporate debts from its officers." That simple rule was the foundation for Judge Brahney's decision. *Unimobil* involved an agreement between the Louisiana World Exposition and Unimobil 84, Inc. that LWE would hold 15% of the gross admission revenue to satisfy Unimobil obligations, and that the funds would not be deemed part of the Exposition's general assets. Thereafter, due to financial difficulties, LWE filed a petition in bankruptcy, and Unimobil did not receive the full amount it was owed under the contract. The case is quite close to this one. Unimobil, seeking to avoid the very problem which confronts United Diesel, filed suit against the officers and directors of LWE on the ground that they had breached their fiduciary duty under the contract to keep Unimobil's funds separate and that LWE wrongfully converted the funds for uses other than those contemplated under the contract.

The Fifth Circuit rejected this claim, holding: that Louisiana law does not recognize implied or constructive trusts; that the contract, which did not require the debtor to segregate receipts or to immediately remit the receipts, was insufficient to create an express trust; that absent some express trust, no wrongful conversion occurred; and that, most significantly, if any fiduciary duty was created, the corporation owed it, not its officers and directors personally.

In this case, United Diesel and RISI had no written contract at all. Thus, there was no express agreement that Mr. Rodrigue would segregate appellant's funds from the general funds of RISI, and no express trust was created by the parties' dealings.

Both Louisiana and Fifth Circuit cases clearly hold that absent an express trust, no fiduciary duty is created within the meaning of Section 523(a)(4) of the Bankruptcy Act. *See, Matter of Angelle*, 610 F.2d 1335 (5th Cir.1980); *Emery v. Heyl*, 227 La. 616, 80 So.2d 95 (1954), *cert. denied* 350 U.S. 827, 76 S.Ct. 56, 100 L.Ed. 739 (1955). Because there was no fiduciary duty here owed by Rodrigue personally to United Diesel, appellant's objection to discharge based on Section 523(a)(4) is without merit and was rightfully dismissed.[1]

## B. *Embezzlement*

■ The appellant also asserts that the debt owed United Diesel was not dischargeable in bankruptcy because Rodrigue, as an officer of RISI, embezzled United Diesel's funds in violation of 523(a)(4) and (6) of the Bankruptcy Act. Appellant's position is that the embezzlement occurred when Rodrigue knowingly applied the premiums to the general operating expenses of RISI.

It is not disputed that embezzlement requires proof of a "fraudulent or knowing and willful, misapplication or conversion of property which belongs to another by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Matter of Storms*, 28 B.R. 761, 765 (Bankr.E.D.N.C.1983). *See also In re Bevilacqua*, 53 B.R. 331 (Bankr.S.D. N.Y.1985); 3 Collier on Bankruptcy Par. 523.15[3] (15th ed. 1982). As this Court has already noted, Rodrigue was under no contractual obligation to segregate United Diesel's funds from the general operating funds of RISI. Thus, the mere act of applying United Diesel's funds to the RISI treasury was not a "misapplication or conversion of property" as required by Section 523. *See Unimobil*, supra, at 216 (no conversion of property because corporate officers used the proceeds from plaintiff for payment of legitimate corporate debts).

*See also, In re Long*, 774 F.2d 875 (8th Cir.1985) (Finding of nondischargeability under Section 523(a)(6) requires proof of "malicious conversion" of creditor's property; no such finding is appropriate where debtor diverted funds of creditor contrary to contractual security agreement because the debtor sought to keep the corporation running and did not intend to harm the creditor's economic interests).

Thus, United Diesel's argument that Rodrigue misapplied and converted its funds because those monies were applied to the company's general operating expenses overlooks the wrongful intent requirement, and the bankruptcy court was not clearly erroneous in dismissing appellant's embezzlement claim.

## C. *Failure to Produce Business Records*

■ Finally, appellant claims that the failure of Rodrigue to produce books and records of the corporation precluded the discharge of the United Diesel debt under Section 727(a)(3) of the Bankruptcy Code. However, as Judge Brahney correctly noted, these records would only be relevant to the Rodrigue personal bankruptcy proceeding if United Diesel was a creditor of Rodrigue. It was stipulated that the funds went to the general operating expenses of RISI, not to Rodrigue personally.

Rodrigue did not breach a fiduciary duty owed to United Diesel because no express trust existed between Rodrigue or RISI and United Diesel. Likewise, United Diesel cannot construct an embezzlement theory, because, as United Diesel itself states, Rodrigue merely applied United Diesel funds to the general operating expenses of RISI. Thus, United Diesel is not a creditor of Rodrigue, and has no standing to object to a discharge of debts in Rodrigue's personal bankruptcy proceeding. This Court con-

---

**1.** Appellant notes that the Louisiana legislature recently enacted LSA–R.S. 22:1175.1(B), which states that any person who receives a premium payment and fails to make such application or issue an insurance policy with the intent of misappropriating the premium to his personal use, shall have committed a criminal offense. Appellant suggests that this statute evidences a legislative intent to create a fiduciary relationship between all insurers and their insureds. However, even assuming *arguendo* that this statute applied where the insurer was a corporation and the person being sued was an officer of the corporation, the statute would not apply to this case. The statute was enacted June 18, 1987, after the events alleged in this case took place.

curs with Judge Brahney's conclusion that because United Diesel is not a creditor of Rodrigue personally, appellant's objection regarding Rodrigue's failure to produce business records is irrelevant to Rodrigue's Chapter 11 proceeding.

For all of the foregoing reasons, the December 13, 1988 order of the bankruptcy court dismissing the Complaint and Objection to Dischargeability filed by United Diesel, Inc. is AFFIRMED.